

JULIE SELESNICK / *OF COUNSEL*
202.221.5279 | jselesnick@bergermontague.com

November 18, 2025

**VIA ECF (TO ALL COUNSEL OF RECORD)**
Hon. Louis L. Stanton
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Larkin v. Caremark RX, L.L.C.*, No. 1:25-cv-07307-LLS (S.D.N.Y.)

Dear Judge Stanton:

We represent Plaintiffs Dennis Larkin and Danielle Gosline in the above-referenced case. We write in response to Defendant Caremark RX LLC's ("Caremark") November 17, 2025 letter ("Letter"), ECF No. 37, requesting leave to file a motion to compel arbitration of Plaintiffs' claims.

The September 3, 2025 Complaint challenges Caremark's conduct in its capacity as a fiduciary and prescription drug claims administrator for employer-sponsored group health plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), after Caremark unilaterally told thousands of people covered under these health plans that Zepbound, a prescription drug properly prescribed by their physicians, was no longer medically necessary and would be denied. Plaintiffs' claims arise under ERISA §§ 502(a)(1)(B), (a)(2), and (a)(3) and allege that Caremark breached its fiduciary duties, engaged in prohibited transactions, and improperly denied benefits. Neither Plaintiff's summary plan description ("SPD") contains an arbitration provision; Ms. Gosline's SPD states that "If a dispute arises under the Plan, it must be resolved in Federal court, or a court located in the State of New York" and Mr. Larkin's SPD states a right to file suit in federal court if benefits are improperly denied or a fiduciary breaches their duty.

Caremark seeks to arbitrate Plaintiffs' ERISA claims based solely on its assertion that Plaintiffs created *optional* accounts on Defendant's website, www.caremark.com. Plaintiffs, however, state that creating the account is *not optional;* Caremark requires use of Caremark.com and its mail-order pharmacy to obtain coverage for certain 90-day prescriptions. The arbitration clause ("Arbitration Clause") that Caremark claims controls this matter is contained in the caremark.com Terms and Conditions, accessible only by clicking on a hyperlink before hitting "Continue" to create the account, and has no conceivable application to the ERISA claims asserted in this action.

**1. The Arbitration Clause is unenforceable under controlling Second Circuit precedent.** For example, in *Cedeno v. Sasson*, 100 F.4th 386 (2d Cir. 2024) and *Cooper v. Ruane Cunniff & Goldfarb Inc.*, 990 F.3d 173 (2d Cir. 2021), the Court held that arbitration and class action waiver

1001 G Street NW Suite 400 East
Washington, DC 20006
202.221.5279 | BERGERMONTAGUE.COM



provisions that preclude plan-wide relief under ERISA § 502(a)(2) are invalid because they bar effective vindication of statutory rights. The *Cooper* court also found ERISA claims to be outside the scope of an arbitration provision contained in a different agreement. 990 F.3d at 184-185. Those decisions make clear that ERISA claims seeking plan-wide relief cannot be forced into individual arbitration, as such clauses operate as prospective waivers of substantive remedies guaranteed by statute, and that arbitration clauses in separate agreements cannot undermine ERISA rights to bring legal action provided in an ERISA-governed plan. The Ninth Circuit recently reached the same conclusion in *Platt v. Sodexo, S.A.*, 148 F.4th 709 (9th Cir. 2025), confirming that plan participants cannot be bound to arbitrate ERISA claims absent clear, informed consent.

Courts have consistently invalidated arbitration agreements on behalf of ERISA plan participants on the basis of the "effective vindication exception" where the arbitration agreement extinguishes the right to bring representative claims. *See, e.g.*, *Cooper,* 990 F.3d at 184 (quoting a previous Second Circuit opinion holding "the representative nature of the section 502(a)(2) right of action implies that plan participants must employ procedures to protect effectively the interests they purport to represent" and citing class certification as an example of such procedures); *Smith v. Bd. of Directors of Triad Mfg., Inc.*, 13 F.4th 613, 623 (7th Cir. 2021) ("[W]e hold only that the 'effective vindication' exception bars application of the plan's arbitration provision to claims under § 1132(a)(2)"); *see also Burnett v. Prudent Fiduciary Servs. LLC*, 2023 WL 387586, at *6 (D. Del. Jan. 25, 2023), *report and recommendation adopted*, No. 22-cv-270-RGA, 2023 WL 2401707 (D. Del. Mar. 8, 2023), *aff'd*, 2023 WL 6374192 (3d Cir. Aug. 15, 2023) ("But what the statute provides, the arbitration provision takes away: it says that beneficiaries cannot sue on behalf of the Plan and that they cannot recover plan-wide damages."); *Harrison v. Envision Mgmt. Holding, Inc. Bd. of Directors*, 59 F.4th 1090, 1101 (10th Cir.), cert. denied, 144 S. Ct. 280 (2023) ("[T]he arbitration provisions of the Plan Document effectively prevent Harrison from vindicating many of the statutory remedies that he seeks in his complaint under ERISA § 502(a)(2).").

Caremark's letter states that Plaintiffs may request "special" treatment due to the ERISA claims they are asserting. This is incorrect. Congress enacted the Federal Arbitration FAA to make "arbitration agreements as enforceable as other contracts, but not more so." *Davitashvili v. Grubhub Inc.,* 131 F.4th 109, 121 (2d Cir. 2025); quoting *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418, 142 S.Ct. 1708, 212 L.Ed.2d 753 (2022) (internal quotation marks omitted). The FAA's scope is limited to "agreements to arbitrate controversies that 'arise out of' the parties' contractual relationship"—that is, controversies that were "cause[d]" by the relationship. *Grubhub Inc.,* 131 F.4th at 119. Just as Grubhub held that antitrust claims asserted had "nothing to do with Plaintiffs' individualized use" of the website (*id.* at 119), this court will find that Plaintiffs ERISA claims have nothing to do with Plaintiffs' individualized use of caremark.com. Caremark seeks to sidestep the governing plan documents—which require or permit ERISA claims to be brought in federal court—and to elevate a consumer click-wrap agreement that would strip Plaintiffs of their statutory rights to sue individually, representatively, and on behalf of the Plan. Substituting website boilerplate for the controlling plan terms is an impermissible attempt to rewrite the parties' rights. The Plan documents—not Caremark's online terms—govern this dispute.



**2. Defendant cannot demonstrate that a valid arbitration agreement exists.** Notably, Defendant omits that Caremark Rx, L.L.C.—the named Defendant—is not even a party to the Arbitration Clause, which names a different entity, CaremarkPCS Health L.L.C. Rather than asserting it is a party to the Arbitration Clause, Defendant speculates in a footnote that Plaintiffs sued the "wrong" party and then states in conclusory fashion that "'CVS Caremark' is defined to include Caremark." Letter at 1, n. 1 and 2. Defendant never contends that it has any contractual right to enforce the Arbitration Clause. This alone defeats any Motion to Compel Arbitration.

**3. Conditioning access to prescription benefits on surrendering ERISA rights is unconscionable.** Requiring plan participants to create a Caremark.com account—and to agree to the Arbitration Clause—as a condition of receiving medically necessary prescriptions is an unconscionable contract of adhesion. The Arbitration Clause states, "If you no longer agree to be bound by this Agreement, you must cease your use of the Services, including any access thereto." For Plaintiffs, "ceasing use" would mean losing access to the very prescriptions at issue. In effect, the Clause forces plan participants to choose between their ERISA rights and their health. Attempting to use that consumer click-wrap agreement to attempt to extinguish statutory ERISA rights unrelated to the services referenced in the Arbitration Clause is also unconscionable. *See, e.g., see Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 233 (2d Cir. 2016) (requiring a click-wrap plaintiff to have actually clicked "I agree" before arbitration could be compelled).

## CONCLUSION

Caremark's request to stay briefing on its Motion to Dismiss pending resolution of the instant matter should not be granted. Courts may decline to stay proceedings when not all claims are arbitrable. *See, e.g.*, *Bakery & Confectionery Union & Indus. Int'l Pension Fund v. Zaro Bake Shop, Inc.,* 2021 WL 2350094, at *18 (S.D.N.Y. June 8, 2021) (refusing to stay the case after plaintiffs argued that ERISA claims brought under Section 1132(a)(3) are not subject to arbitration, as this section allows "a civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."). Here, Defendant is not a signatory to the Arbitration Clause, and 502(a)(2) claims cannot be effectively vindicated through arbitration. Caremark's professed concern for judicial economy is contradicted by its attempt to derail this ERISA litigation through a meritless arbitration demand that would strip Plaintiffs of statutory rights and disregard plan language in favor of a click-wrap arbitration waiver related to use of a website. For these reasons, the Court should deny Defendant's request in full.

Respectfully,

*/s/ Julie Selesnick*

Julie Selesnick
CC: All counsel of record via ECF