

**NATALIE LESSER** / *SENIOR COUNSEL*
d 215.875.3079 m 215.875.3000 | nlesser@bergermontague.com

June 25, 2026

**VIA CM/ECF**

The Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Larkin, et al. v. Caremark Rx, L.L.C.*, Civil Case No. 1:25-cv-07307**

Dear Judge Stanton,

We represent Plaintiffs Dennis Larkin and Danielle Gosline ("Plaintiffs") in this action. We respectfully submit this letter in response to Defendants' Notice of Supplemental Authority regarding the recent opinion in *Hamburger v. CVS Caremark et al.*, No. 1:25-cv-3000 (D.D.C. June 10, 2026) (ECF No. 64-1).

All of Defendants' arguments for *Hamburger*'s relevance and application here are immaterial because the *Hamburger* decision turns on facts entirely absent from the facts at the crux of Plaintiffs' claims here.

First, in *Hamburger*, the defendant denied coverage of the drug Zepbound because the plaintiff's prescription benefit plan did not cover Zepbound, which was explicitly stated as the sole basis for denial in defendant's adverse determination notices. *Hamburger* Op. at 2-3. Caremark also explicitly stated that its decision "did not involve any determination of medical judgment." *Id*. at 3.

By contrast, in the instant action, Caremark's denial of Plaintiffs' claims for Zepbound were based on a finding that it was "not medically necessary." Complaint ¶¶ 102, 109. By invoking medical necessity—a defined plan term requiring clinical judgment—Caremark misapplied it in a straightforward and class-wide manner to deny benefits. Caremark's discretionary interpretation of plan language by an insurance company with final authority to review claims is fiduciary conduct that specifically requires medical judgment. None of these facts were at issue in *Hamburger*, where the court repeatedly points out that Caremark's denial did not involve medical judgment. *Hamburger* Op. at 3, 10.



Second, the *Hamburger* court dismissed plaintiff's breach of fiduciary duty claim as duplicative because plaintiff failed to plead harm "from [Defendants'] apparently isolated administrative errors or omissions . . . that is separable from the harm flowing from the allegedly improper denial of benefits[,]" and "awarding [Hamburger] relief under § 1132(a)(1)(B) would fully redress his alleged injury." *Hamburger* Op. at 9 (citations omitted). There, no breaches of fiduciary duty separable from coverage denial claims were pleaded where Hamburger's Plan terms excluded prescription drugs for weight loss. As such, defendants had no fiduciary duty beyond explaining that Zepbound was not covered and that "their denial "d[id] not involve any determination of medical judgment." Op. at 10.

Here, Plaintiffs allege that Caremark's fiduciary breaches caused harm that cannot be fully remedied by reprocessing individual benefit claims alone—particularly where Plaintiffs seek prospective and structural relief to address Caremark's conflicted conduct. ¶¶ 161–189. Indeed, Plaintiffs allege that Caremark categorically removed Zepbound from the formulary—separate and apart from any individual denial of benefits—as part of a rebate agreement with Novo Nordisk, placing Caremark's own interests above those of plan participants. See Compl. ¶¶ 28-30, 142, 149, 167. Again, none of these facts were alleged in *Hamburger.* Accordingly, *Hamburger* is not helpful here.

Plaintiffs respectfully submit that this Court should decline to rely on *Hamburger*, which did not involve analogous facts and did not include substantive analysis of the issues here.

Sincerely,

Natalie Lesser

Natalie Lesser