ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 8/26/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS LARKIN and DANIELLE GOSLINE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CAREMARK RX, L.L.C. (d/b/a CVS CAREMARK),

Defendant.

25 Civ. 7307 (LLS)

ORDER

Defendant Caremark Rx, L.L.C. moves to file a redacted version of its Memorandum of Law in Support of Motion to Dismiss (Dkt. No. 41) and to file under seal the unredacted Memorandum and accompanying Exhibits 1, 3, and 4. Dkt. No. 39. The Exhibits are, respectively:

- Agreement between CaremarkPCS Health, L.L.C. and Publicis, Inc. with Amendments (Dkt. Nos. 41-1 and 41-2),
- Agreement between CaremarkPCS Health, L.L.C. and Hillside Children's Center (Dkt. No. 41-3), and
- CVS Caremark Clinical Program Management for Hillside Children's Center Implementation (Dkt. No. 41-4).

Exhibits 1 and 3 are Agreements between defendant's subsidiary, CaremarkPCS Health, L.L.C. ("CaremarkPCS") and non-parties Publicis, Inc. and Hillside Children's Center. Exhibit 4 is an addendum to the Hillside Agreement. Defendant argues that the Agreements contain confidential, competitively sensitive information, which is quoted in its Memorandum.

Defendant's request is granted. The Court's analysis of defendant's Motion to Dismiss does not rely on the Agreements or the arguments in defendant's Memorandum based on them. Therefore, the public has no interest in them at this time. See United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access."). Should these documents become relevant at a later stage of litigation, the Court may re-evaluate whether they should be disclosed to the public.

So Ordered.

Dated: New York, New York
August 26, 2026

Louis L. Stanton
LOUIS L. STANTON
U.S.D.J.