ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/9/26

DENNIS LARKIN and DANIELLE GOSLINE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

CAREMARK RX, L.L.C. (d/b/a CVS CAREMARK),

Defendant.

25 Civ. 7307 (LLS)

OPINION & ORDER

Defendant Caremark Rx, L.L.C. moves for reconsideration of this Court's August 26, 2026 Opinion and Order (Dkt. No. 68) denying its motion to compel arbitration and partially denying its motion to dismiss. Mot. Recons. (Dkt. No. 74). In support of that motion, defendant also requests leave to file a supplemental declaration. Mot. Leave Suppl. Decl. (Dkt. No. 72). For the reasons stated below, defendant's motions are denied. The Court's analysis assumes familiarity with the facts of the case.

## ***DISCUSSION***

### I. Motion for Leave to File Supplemental Authority

In order to support the arguments made in its motion for reconsideration, defendant requests leave to file as supplemental authority an employee declaration expanding on the ways it claims plaintiffs' case is related to their use of Caremark.com. Specifically, the supplemental Lees declaration

lays out (1) how Caremark.com enables beneficiaries to access their benefits and (2) instances where plaintiffs used the Caremark.com messaging feature to communicate about the coverage decisions at the heart of their case. See generally Suppl. Lees Decl. (Dkt. No. 73-1).

"When a party submits new evidence in support of a motion for reconsideration, courts consider the strength of the explanation offered as to why it was not submitted with the original motion." Alexander v. City of New York, 2019 WL 6977104, at *2 (S.D.N.Y. Dec. 20, 2019). Defendant explains that it did not have a chance to submit this more "fulsome evidence" of Caremark.com's relationship to plaintiffs' claims because the Court sua sponte imposed a relational requirement, which neither party raised. Mem. Mot. Leave Suppl. Decl. at 4 (Dkt. No. 73).

Defendant's explanation lacks merit. Whether plaintiffs' claims arise from or relate to the underlying agreement is a fundamental pillar of the analysis recognized by both parties' previous arguments and evidence. The Federal Arbitration Act (the "FAA"), under which defendant brought its motion, "applies only to '[a] written provision in any [contract] to settle by arbitration a controversy thereafter arising out of such a contract.'" McFarlane v. Altice USA, Inc., 524 F. Supp. 3d 264, 278 (S.D.N.Y. 2021) (quoting 9 U.S.C. § 2). Plaintiffs cited this requirement in arguing that compelling arbitration would be

unconscionable because their claims were not encompassed by the contract containing the arbitration provision, the Caremark.com Terms of Service (the "Terms"). Opp. Mot. Compel at 19 (Dkt. No. 59). Defendant's prior briefing acknowledged a nexus requirement and "presented evidence supporting a nexus between the Parties' arbitration agreement and plaintiffs' claims" in the form of plaintiffs' use of Caremark's PBM services and contact with Caremark through Caremark.com. Mem. Mot. Leave Suppl. Decl. at 4; see Mem. Mot. Compel at 18-19 (Dkt. No. 56). However, as explained below, such a broad conception of nexus is unsupported. That defendant misconstrued the type of nexus required does not justify submission of new evidence.

Moreover, because defendant continues to propound an incorrect view of the nexus required, its supplemental declaration cannot "reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The supplemental declaration merely perpetuates defendant's incorrect conception by offering more detail of how plaintiffs used Caremark.com but failing to demonstrate that the actions plaintiffs complain of arose from or were sufficiently related to their use of the website. Thus, leave to file the supplemental declaration is denied and the Court does not consider it in the following analysis.

## II. Motion for Reconsideration

"A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality." Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal citation omitted). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation omitted).

Defendant moves for reconsideration of two aspects of the Court's August 26 Opinion: denial of its motion to compel arbitration and denial of its motion to dismiss plaintiffs' breach of loyalty claim. Lacking a change in law or new evidence, defendant contends that the Court's decision on each point was clear error that overlooked "controlling decisions [and] data." Shrader, 70 F.3d at 257. However, defendant's motion amounts only to disagreement with the Court's application of controlling law and is therefore denied in its entirety.

### A. Reconsideration of Motion to Compel Arbitration

The August 26 Opinion held that plaintiffs could not be compelled to arbitrate their ERISA claims based on the Terms' arbitration provision. The Court found that plaintiffs' claims did not arise from the contract governing use of Caremark.com,

as required by the FAA and the case law of this Circuit, and therefore fell outside the scope of the arbitration provision. Defendant moves for reconsideration on the basis that the Court misapplied the law and overlooked evidence of the type nexus it advocates. Mem. Mot. Recons. at 1 (Dkt. No. 75).

Defendant does not cite any controlling authority supporting its view of the required nexus. Even when analyzing arbitration agreements claiming to reach any dispute between the parties, courts of this Circuit have only compelled arbitration for claims that arise out of or sufficiently relate to the underlying contract. See, e.g., Am. E Grp. LLC v. Livewire Ergogenics Inc., 432 F. Supp. 3d 390 (S.D.N.Y. 2020) (holding only that arbitration provision in attorney engagement letter covering "any dispute" applied to claims arising from attorneys' representation of client); Ahmed v. Citibank, N.A., 2020 WL 2988666, at *7 (E.D.N.Y. June 2, 2020) (reasoning that "even if the provisions here were facially overbroad, Ahmed's claims do not implicate the outer boundaries of what is properly arbitrable" because they "arise out of and relate to the contractual relationship he formed with Citibank"). Indeed, in Davitashvili v. Grubhub Inc., the Second Circuit rejected application of a similarly-worded provision claiming to apply generally to users' "relationship with Grubhub, or any other

dispute with Grubhub" because the dispute was not "caused" by the contractual relationship. 131 F.4th 109, 119 (2d Cir. 2025).

Neither does defendant cite any applicable evidence the Court overlooked. The Court considered evidence in defendant's memorandum and original declarations, as well as the facts alleged in plaintiffs' complaint, and found that it did not establish that plaintiffs' claims were caused by or otherwise sufficiently related to their use of Caremark.com. Therefore, reconsideration of the motion to compel arbitration is denied.

**B. Reconsideration of Motion to Dismiss Breach of Loyalty Claim**

The August 26 Order also declined to limit plaintiffs' ability to bring their breach of the fiduciary duty of loyalty claim on behalf of only members of their plans, having found that the alleged conduct constituted "general practices" that "implicate[d] the same set of concerns" across all plans for which defendant acted as PBM. Order at 21, 25 (citing Collins v. Ne. Grocery, Inc., 149 F.4th 163, 173-74 (2d Cir. 2025)). Defendant now merely repeats its argument that ERISA limits class claims to the plans in which plaintiffs participate.

Defendant points to no controlling law requiring its interpretation, which is in fact contrary to the bulk of persuasive authority on the subject. The Second Circuit has not explicitly decided whether ERISA plaintiffs may assert claims on

behalf of a class containing plans they are not members of. However, the Second Circuit's test — applied to ERISA in Collins — mirrors the rationale of circuits that have decided the issue and, in each case, reached the same conclusion as the August 26 Order. See, e.g., Chavez v. Plan Benefit Servs., Inc., 108 F.4th 297 (5th Cir.), cert. denied, 145 S. Ct. 774 (2024) (applying "the Second Circuit's test" among other circuits' approaches and finding that, under all approaches, ERISA plaintiffs had class standing to assert claims on behalf of plans in which they were not members); Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410 (6th Cir. 1998) ("[A]n individual in one ERISA benefit plan can represent a class of participants in numerous plans other than his own, if the gravamen of the plaintiff's challenge is to the general practices which affect all of the plans."). Thus, reconsideration on this basis is denied.

Finally, defendant asserts that the Court erred in finding that it acted as a fiduciary when determining plaintiffs' individual medical need for Zepbound. This argument is unsupported by law and contradicted by the facts of the case. Defendant's original motion admits that it serves as a fiduciary when deciding "initial claim adjudication and appeals." Mem. Mot. Dismiss at 5-6 (Dkt. No. 41). Defendant denied plaintiffs' appeals on the basis that Zepbound was not medically necessary. Compl. ¶ 102, 109 (Dkt. No. 1). That plaintiffs allege defendant

was motivated by a scheme of financial self-interest to universally deny Zepbound coverage does not convert each of these adjudications, which defendant based on plan-defined 'medical necessity,' to a "formulary-management" function as it now claims. Mem. Mot. Recons. at 14. Defendant itself argues that coverage is available "only when the drug **both** appears on the formulary list **and** it is medically necessary." Mem. Mot. Dismiss at 19 (emphasis in original). Therefore, by defendant's own logic, a determination that Zepbound was not medically necessary went beyond formulary management.[1] Reconsideration on this point is denied.

## CONCLUSION

Defendant's motion for leave to file supplemental authority is denied. Its motion for reconsideration is also denied.

So Ordered.

Dated: New York, New York
November 9, 2026

Louis L. Stanton
LOUIS L. STANTON
U.S.D.J.

[1]As the August 26 Order explains, whether plaintiffs' plans entitled them to medically necessary drugs that were not on the formulary is disputed. Order at 19-20.